

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DRA:BMR
2002R00892

*One Pierrepont Plaza*
*Brooklyn, New York  11201*

*Mailing Address:*  147 Pierrepont Street
*Brooklyn, New York  11201*

February 14, 2005

U.S. Probation Officer Amy Preston
U.S. Probation Department
Eastern District of New York
75 Clinton Street, Room 405
Brooklyn, New York 11201-4201

      Re: United States v. Lawrence A. Persico, et al.
          Criminal Docket No. 03-191 (S-3) (SJ)

Dear Ms. Preston:

      We write to address Mr. Persico's letter, dated February 2, 2005.  We respectfully submit that Mr. Persico should be sentenced within the 21-27 Guidelines range, without benefit of a downward departure.

Guideline Calculation

      We agree with Mr. Persico that the applicable Guideline range is 21-27 months.  However, we disagree with his analysis of United States v. Booker, 125 S. Ct. 738 (2005).  In short, the Guidelines are no longer mandatory, but advisory.  The Court specifically rejected the remedy of putting sentencing facts to a jury to be determined by proof beyond a reasonable doubt.  District courts are free to make determinations based on a preponderance of the evidence.  See United States v. Crosby, No. 03-1675, 2005 WL 240916, at *5 (2d Cir. Feb. 2, 2005) ("although the Court in the Substantive Opinion prohibits a sentencing judge from finding any facts that enhanced a Guidelines sentence above the range that is based solely on facts found by the jury in its verdict or admitted by the defendant, the Court in its Remedy Opinion contemplates that, with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection").

Downward Departure

2

Mr. Persico's downward departure motion should be denied. One basis for Mr. Persico's downward departure motion is a claim that the loss should be halved because Mr. Persico worked at each of two job sites referred to in the indictment half the time. First, this argument should be rejected because Mr. Persico agreed to the Guidelines calculation in the plea agreement, including the loss amount of $759,482. This agreement that there is no factual dispute as to the loss is not affected by the Booker decision. To agree to the Guidelines calculation but then move for a downward departure based on a component of that calculation contravenes the plea agreement and should not be countenanced.

Additionally, we dispute that Mr. Persico is only accountable for half the loss. The loss to which Mr. Persico agreed is based on evidence that Mr. Persico in fact had four jobs that overlapped during the relevant time period. A copy of the chart summarizing the supporting documentary evidence, gleaned from contractor records, is attached. To support his position, Mr. Persico uses a strained interpretation of the cited February 27, 2001 conversation,[1] which should be rejected. Moreover, Mr. Persico's statements in this regard at his plea allocution are similarly self-serving and should be rejected. As to the government's position, it has always been that, at most, Mr. Persico stopped by the Roadway job in the morning before going to the General Post Office job, the intention being to be seen at the jobs, not necessarily to work at them. Indeed, evidence shows that even though Local 1 and Local 14 elevator operators would split their shift, sometimes no one showed up to the job at all.

Mr. Persico's attempt to renege on his promise to pay $759,482 in forfeiture should be disallowed for the same reasons set forth above. There is no abuse of the government's power to be curbed, as Mr. Persico recklessly asserts; the forfeiture amount, which is the same as the loss amount, is supported by the evidence and he agreed to the amount. As to whether Mr. Persico has the means to pay, he was the undeserving recipient of $759,482 and he has the other assets indicated. As the PSR indicates, based on Mr. Persico's "financial profile, he appears able to pay a fine and restitution." PSR at 37.

Finally, with respect to Mr. Persico's mental condition, he baldly asserts that the MDC has not been equipped to deal with his needs and that his incarceration has been more onerous for him than for other mail fraud defendants. Given that the government has not heard from Mr. Persico or otherwise that

---

[1] The conversation was not a consensual recording as Mr. Persico represents; rather, it was the product of Court-authorized electronic surveillance.

3

his condition has been mishandled by the MDC in any way since his initial adjustment in confinement, Mr. Persico's current complaint in the context of his sentencing seems specious.

        Very truly yours,

        ROSLYNN R. MAUSKOPF
        UNITED STATES ATTORNEY

By: Bridget M. Rohde/Joey Lipton
    Assistant United States Attorneys
    (718) 254-6348/6125

cc: Clerk of the Court (SJ)
    Dale L. Smith, Esq.