

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

```
MEF:BMR                                      One Pierrepont Plaza
#2000R00672                                  Brooklyn, New York  11201
globalpts.ltr         Mailing Address:       147 Pierrepont Street
                                             Brooklyn, New York  11201
```

March 10, 2005

BY HAND

The Honorable Sterling Johnson
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

>      Re:   United States v. John J. DeRoss and Lawrence A. Persico
>            Criminal Docket No. 03-191 (S-3 and 4) (SJ)

Dear Judge Johnson:

We move that defendants John J. DeRoss and Lawrence A. Persico receive a one-level downward departure for global disposition of certain designated defendants in the DeRoss case. DeRoss and Persico are scheduled to be sentenced on March 10, 2005 at 9:30 a.m.

## Background

DeRoss and Persico pled guilty to racketeering in connection with Locals 14 and 15 of the International Union of Operating Engineers. Both pled to two, albeit different, mail fraud predicates. DeRoss pled to mail fraud predicates involving the Coney Island Mets and Kingsboro Community College Job Sites, while Persico pled to mail fraud predicates involving the Brooklyn General Post Office Job Site and Roadway Construction. Vincent Ricciardo, Paul Buckley and Emil Gary Clemente also pled guilty as part of a global disposition of certain organized crime-connected defendants who were scheduled to be tried with certain Local 15 defendants. The pleas left the Court and government with a four-defendant case involving only the Local 15 defendants, which also subsequently pled out. The only remaining defendants are Charles Panarella and Arthur Palmer.

2

We estimate DeRoss's offense level to be 22, which, together with Criminal History Category II,[1] results in a 46-57 month Guidelines range. We estimate Persico's offense level to be 16, which, together with Criminal History Category I, results in a 21-27 month Guidelines range.[2]

<u>Justification for Downward Departure of Global Disposition</u>

The government submits that a one-level downward departure for global disposition should be included in the Guidelines calculations for DeRoss and Persico. The parties included in the plea agreements for DeRoss and Persico a one-level reduction for participating in a so-called "global disposition" so long as certain defendants pled guilty. Each of the designated defendants have pled guilty. The disposition of these defendants without the necessity of a lengthy, complicated trial of the organized crime defendants together with the Local 15 defendants has resulted in a substantial and extraordinary savings of judicial, prosecutorial and juror resources. The case involved RICO, extortion and mail fraud charges, among others, as well as criminal forfeiture allegations. Several cooperating witnesses as well as other witnesses would have been called to testify. Hundreds of wiretap conversations and consensual recordings would have been played. Voluminous documentary proof would also have been adduced.

The government submits that the facts of this case are fully within the scope of authorized § 5K2.0 departures. In <u>United States v. Garcia</u>, 926 F.2d 125 (2d Cir. 1991), the Court found conservation of judicial resources to be a permissible basis for departure, reducing the defendant's sentence by four levels for his cooperation and early plea, which "facilitat[ed] the disposition of the case without a trial." <u>Garcia</u>, 926 F.2d at 128. In reaching its decision, the court affirmed the lower court's finding that the Guidelines did not adequately consider the kind of cooperation rendered by a defendant who breaks a "log jam" in a multi-defendant case. <u>Id</u>. at 127.

Global disposition of a significant part of a case including not only RICO and extortion charges but complicated white collar crime schemes such as in the <u>DeRoss</u> case supports the policy rationale of conserving judicial resources to an even

---

[1] The reason we believed that DeRoss has a total offense level of 22 and falls within Criminal History Category II is addressed in our letter to the Probation Office, which is marked Attachment A.

[2] Our letter to the Probation Office regarding our view of Persico's total offense level is marked as Attachment B.

3

greater degree than Garcia, a relatively simple cocaine distribution conspiracy involving only three participants. As in Garcia, DeRoss and the other defendants who pled guilty as part of the partial global disposition broke a "log jam," thus saving enormous judicial, prosecutorial and juror resources by eliminating the need for a lengthy trial.

Rather than limiting the sentencing discretion given to judges by Garcia to a narrowly focused set of facts, in cases quite different from Garcia's factual core the Second Circuit has expressly permitted Guideline reductions or downward departures based on a conservation of judicial resources. See, e.g., United States v. Agu, 949 F.2d 63, 67 (2d Cir. 1991) (holding that "cooperation with the government in respects other than the prosecution of others or cooperation with the judicial system can, in appropriate circumstances, warrant a departure").

Courts have granted downward departures for a defendant who conserved governmental resources by consenting to deportation without formal proceedings -- a result that has changed solely due to modifications in the immigration laws that streamlined the deportation process. See United States v. Ramnath, 958 F. Supp 99, 103 (E.D.N.Y. 1997) (granting a one-level departure for a defendant's consent to deportation because "assistance to the government is an encouraged grounds for departure" and deportation proceedings drain a significant amount of governmental and judicial resources). Indeed, in United States v. Sentamu, 212 F.3d 127 (2d Cir. 2000), the Circuit continued to adhere to the position that conserving government resources could be a basis for a Guidelines reduction. In Sentamu, the Circuit overturned a decision to afford a defendant who had consented to deportation a one-level reduction under the Guidelines on the ground that in that case the defendant's consent did not in fact conserve substantial resources. Id. By requiring that a defendant present a colorable, non-frivolous defense to deportation before an agreement to be deported could trigger a Guideline reduction, the Sentamu court affirmed that conservation of governmental resources remains a basis to accord a reduction under the Guidelines.

In the context of large, multi-defendant cases like DeRoss, both Eastern and Southern District of New York courts have embraced Garcia in connection with global pleas that promoted the efficient disposition of complex matters without lengthy trials. In United States v. Bobb, 1993 WL 8653 (S.D.N.Y. 1993), the court applied Garcia to 44 defendants in related Medicaid fraud cases. The parties' plea agreements contemplated a two-level reduction under the Guidelines if all defendants entered pleas. The court granted the agreed-upon reduction "in recognition of the significant conservation of judicial and prosecutorial resources that would be accomplished by such a

4

global disposition." <u>Bobb</u>, 1993 WL 8653.  Judge Mukasey found that although "the contribution of any particular defendant to the outcome must be regarded as marginal, the outcome seems more significant than the outcome in <u>Garcia</u> in the sense that [this] case probably would consume greater resources than a three-defendant narcotics case like <u>Garcia</u> where a 'log jam' departure nonetheless was found appropriate." <u>Id</u>.  Thus, the court granted a two-point reduction because, although the numerous defendants in the global disposition were not entitled in the court's view to receive consideration "equal to what is appropriate for one or a few defendants" who alone were responsible for breaking a multi-defendant log-jam, each member of the group should receive some consideration for their collective facilitation of a disposition without trial.  <u>Id</u>.  <u>See</u> <u>also</u> <u>United States v. Solof</u>, 1993 WL 43360 (S.D.N.Y. 1993) (citing <u>Garcia</u> as justification to grant a two-point "global disposition" reduction for multi-defendant plea); <u>United States v. Mosquera</u>, 1994 WL 593977, *14 (E.D.N.Y. 1994) (noting, in report to the court, that court had accepted a Guidelines reduction based on conservation of resources).

We thus submit that it is reasonable that DeRoss' and Persico's Guidelines range should include a one-level reduction for global disposition.

<u>Conclusion</u>

We respectfully request that our motion for a downward departure based on global disposition of the charges against DeRoss and Persico be granted and that they be sentenced within the above-indicated Guideline ranges.

        Very truly yours,

        ROSLYNN R. MAUSKOPF
        UNITED STATES ATTORNEY

    By: _____
        Bridget M. Rohde
        Assistant U.S. Attorney
        (718) 254-6348

cc: Clerk of the Court (SJ)
  Barry Rhodes, Esq. (By fax)
  Dale Smith, Esq. (By fax)