

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DRA:BMR
F.#2002R00892
Persico PSR Letter1.wpd

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*Mailing Address:* 147 Pierrepont Street
*Brooklyn, New York 11201*

January 27, 2005

U.S. Probation Officer Amy Preston
U.S. Probation Department
Eastern District of New York
75 Clinton Street, Room 405
Brooklyn, New York 11201-4201

      Re: United States v. Lawrence A. Persico, et al.
           Criminal Docket No. 03-191 (S-3) (SJ)

Dear Ms. Preston:

     We write to address certain factual discrepancies/issues set forth in the Presentence Report ("PSR") for the defendant Lawrence A. Persico. Additionally, it is our position that Persico's Guideline range should be 21-27 months, not 46-57 months as determined by Probation.

     With respect to page 4, Charles Panarella and Arthur Palmer are pending trial on S-3, not S-6.

     At page 11, in paragraph 11 (as well as paragraphs 16 and 19), the PSR notes that false information was submitted to contractors, on behalf of union members, some of whom were members of the Colombo family. It would be more accurate to say members or associates of the Colombo family. We note that the beneficiaries of the no-show job scheme who did not have to share their salary were the members or associates of the Colombo family.

     At page 11, paragraph 14, not only Joseph Coriasco but Thomas McNamara failed to report his share of the no-show job salaries.

     At page 12, paragraph 17, regarding the conspiracy to extort Locals 14 and 15, we note that Persico is not mentioned even though he was charged with this offense.

While the PSR correctly addresses the mail fraud charges against Persico at the outset, see pp. 5-6, the Mail Fraud section later in the PSR contains some errors, as follows:

- At page 13, paragraph 22a (as well as p. 14 paragraphs 22c and 22d), "...thereafter submitting those stamps detailed as follows" should be changed to "thereafter using the United States mails as follows," as the chart reflects other types of mailings besides stamps.

- There is no 22b.

- The charts at pages 14 and 16 are different versions of the chart for Racketeering Act 7 from the S-3 indictment (the PSR sets forth that which is relevant to Persico at page 6). If you wish to continue to include the charts at pages 14 and 16, the charts should reflect Persico as a defendant where the mailing was one of his stamp books.

With respect to pages 18-20 and Victim Impact, we note the following that specifically pertains to Persico:

| | | | |
|---|---|---|---|
| J.A. Jones | $279,930 sal., | $119,770 ben., | $399,700 total |
| Roadway | $123,690 sal., | $99,963 ben., | $223,653 total |
| Humphrey & Harding | $50,684 sal., | $25,296 ben., | $75,980 total |
| Gotham | $39,280 sal., | $20,869 ben., | $60,149 total |
| | | GRAND TOTAL | $759,482 |

In response to the statement that no Affidavits of Loss had been submitted, it was our understanding that Recine Materials Corp. had submitted an Affidavit of Loss.

Addressing the Offense Level Computation, page 22, paragraph 39, we do not see an ex post facto problem with application of the current edition of the Guidelines and thus a need to use the November 2002 edition.

Referring to pages 22-25, we did not include the extortion conspiracy predicate to which Persico did not plead guilty in Persico's Guideline Calculation. The evidence upon which we rely to support the offense of conviction does not include the extortion conspiracy. We stand by our Guidelines calculation based on the two mail fraud predicate acts (5 and 7) to which he pled, the amount of loss component of which includes all relevant loss, i.e., the $759,482 indicated above, which is

in conformity with the PSR's calculation for predicates 5 and 7. A level 20 minus three levels for acceptance and one level for global resolution, with Criminal History Category I, yields a 21-27 month Guideline range.

While it is irrelevant in view of our position, we note that we disagree that Local 14 and Local 15 should be viewed as two separate victims. These two New York City locals were part and parcel of one union. They shared space during the relevant time period at a union hall in Flushing where business agents regardless of local affiliation sat around one table and conducted business. The extortionate conduct was directed at the locals through their business agents as a group, with, for example, a Local 14 member being used by organized crime as a liaison with business agents from both locals.

The only aspect of the extortion that Persico was arguably involved in was that of Local 14, so in no event should he be subject to the Guideline calculation for what the PSR refers to as predicate act 1(b), see pp. 23-24, which would reduce the PSR's Guideline range from 47-53 to 41-51 months.

Referring to the Employment Record section at page 33, paragraph 103, we note, as indicated above that the $759,482 loss figure is based on four overlapping jobs, not just the two charged.

At page 38, paragraph 121, there is a typographical error reflecting that the loss was $769,482, not $759,482.

In conclusion, we respectfully submit that Persico should be sentenced within the Guideline range of 21 to 27 months.

Very truly yours,

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

By: Bridget M. Rohde/Joey Lipton
Assistant United States Attorneys
(718) 254-6348/6125

cc: Clerk of the Court (SJ)
    Dale L. Smith, Esq.



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DRA:BMR
2002R00892

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*Mailing Address:* 147 Pierrepont Street
Brooklyn, New York 11201

February 14, 2005

U.S. Probation Officer Amy Preston
U.S. Probation Department
Eastern District of New York
75 Clinton Street, Room 405
Brooklyn, New York 11201-4201

      Re: United States v. Lawrence A. Persico, et al.
          Criminal Docket No. 03-191 (S-3) (SJ)

Dear Ms. Preston:

      We write to address Mr. Persico's letter, dated February 2, 2005. We respectfully submit that Mr. Persico should be sentenced within the 21-27 Guidelines range, without benefit of a downward departure.

Guideline Calculation

      We agree with Mr. Persico that the applicable Guideline range is 21-27 months. However, we disagree with his analysis of United States v. Booker, 125 S. Ct. 738 (2005). In short, the Guidelines are no longer mandatory, but advisory. The Court specifically rejected the remedy of putting sentencing facts to a jury to be determined by proof beyond a reasonable doubt. District courts are free to make determinations based on a preponderance of the evidence. See United States v. Crosby, No. 03-1675, 2005 WL 240916, at *5 (2d Cir. Feb. 2, 2005) ("although the Court in the Substantive Opinion prohibits a sentencing judge from finding any facts that enhanced a Guidelines sentence above the range that is based solely on facts found by the jury in its verdict or admitted by the defendant, the Court in its Remedy Opinion contemplates that, with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection").

2

Downward Departure

Mr. Persico's downward departure motion should be denied. One basis for Mr. Persico's downward departure motion is a claim that the loss should be halved because Mr. Persico worked at each of two job sites referred to in the indictment half the time. First, this argument should be rejected because Mr. Persico agreed to the Guidelines calculation in the plea agreement, including the loss amount of $759,482. This agreement that there is no factual dispute as to the loss is not affected by the Booker decision. To agree to the Guidelines calculation but then move for a downward departure based on a component of that calculation contravenes the plea agreement and should not be countenanced.

Additionally, we dispute that Mr. Persico is only accountable for half the loss. The loss to which Mr. Persico agreed is based on evidence that Mr. Persico in fact had four jobs that overlapped during the relevant time period. A copy of the chart summarizing the supporting documentary evidence, gleaned from contractor records, is attached. To support his position, Mr. Persico uses a strained interpretation of the cited February 27, 2001 conversation,[1] which should be rejected. Moreover, Mr. Persico's statements in this regard at his plea allocution are similarly self-serving and should be rejected. As to the government's position, it has always been that, at most, Mr. Persico stopped by the Roadway job in the morning before going to the General Post Office job, the intention being to be seen at the jobs, not necessarily to work at them. Indeed, evidence shows that even though Local 1 and Local 14 elevator operators would split their shift, sometimes no one showed up to the job at all.

Mr. Persico's attempt to renege on his promise to pay $759,482 in forfeiture should be disallowed for the same reasons set forth above. There is no abuse of the government's power to be curbed, as Mr. Persico recklessly asserts; the forfeiture amount, which is the same as the loss amount, is supported by the evidence and he agreed to the amount. As to whether Mr. Persico has the means to pay, he was the undeserving recipient of $759,482 and he has the other assets indicated. As the PSR indicates, based on Mr. Persico's "financial profile, he appears able to pay a fine and restitution." PSR at 37.

---

[1] The conversation was not a consensual recording as Mr. Persico represents; rather, it was the product of Court-authorized electronic surveillance.

3

    Finally, with respect to Mr. Persico's mental condition, he baldly asserts that the MDC has not been equipped to deal with his needs and that his incarceration has been more onerous for him than for other mail fraud defendants. Given that the government has not heard from Mr. Persico or otherwise that his condition has been mishandled by the MDC in any way since his initial adjustment in confinement, Mr. Persico's current complaint in the context of his sentencing seems specious.

                                     Very truly yours,

                                     ROSLYNN R. MAUSKOPF
                                   UNITED STATES ATTORNEY

                 By: Bridget M. Rohde/Joey Lipton
                     Assistant United States Attorneys
                     (718) 254-6348/6125

cc: Clerk of the Court (SJ)
    Dale L. Smith, Esq.

# Larry Persico

| W/E | Gotham ST hrs. | Gotham OT hrs. | Humphrey ST hrs. | Humphrey OT hrs. | Roadway ST hrs. | Roadway OT hrs. | P.O. ST hrs. | P.O. OT hrs. |
|---|---|---|---|---|---|---|---|---|
| 01-05-00 | | | | | 48 | | | |
| 01-12-00 | | | | | 40 | | | |
| 01-19-00 | | | | | 40 | | | |
| 01-26-00 | | | | | 40 | | | |
| 02-02-00 | | | | | 40 | 9 | | |
| 02-09-00 | | | | | 40 | | | |
| 02-15-00 | 8 | | | | 40 | | | |
| 02-22-00 | 40 | | | | 48 | 9 | | |
| 02-29-00 | 56 | | | | 40 | 9 | | |
| 03-07-00 | 40 | 16 | | | 40 | 8 | | |
| 03-14-00 | 40 | | 28 | 5 | 40 | | | |
| 03-21-00 | 40 | | 35 | | 40 | 8 | | |
| 03-28-00 | 40 | | 35 | | 40 | | | |
| 04-05-00** | | | 35 | 7 | 40 | 8 | | |
| 04-11-00 | 40 | | 35 | 8 | 40 | 9 | | |
| 04-18-00 | 16 | | 35 | | 40 | 8.5 | | |
| 04-25-00 | 16 | | 28 | | | | | |
| 05-02-00 | 40 | | 35 | 1 | 40 | | | |
| 05-09-00 | 50 | 10 | 35 | 1.5 | 40 | 9 | | |
| 05-16-00 | 40 | | 35 | | 40 | 19 | | |
| 05-24-00 | | | 35 | 1 | 40 | 9 | | |
| 05-31-00 | 50 | 10 | 35 | 1 | 40 | 9 | | |
| 06-06-00 | | | 35 | | | | | |

| W/E | Gotham ST hrs. | Gotham OT hrs. | Humphrey ST hrs. | Humphrey OT hrs. | Roadway ST hrs. | Roadway OT hrs. | P.O. ST hrs. | P.O. OT hrs. |
|---|---|---|---|---|---|---|---|---|
| 06-13-00 | 50 | | 35 | | | | | |
| 06-20-00 | 40 | | 35 | | | | | |
| 06-27-00 | 40 | | 35 | | | | | |
| 07-05-00 | 40 | | 35 | 14 | | | | |
| 07-11-00 | 40 | | 35 | | | | | |
| 07-18-00 | 40 | | 35 | 2 | | | | |
| 07-25-00 | 40 | | 35 | 8 | | | | |
| 08-01-00 | 40 | | 35 | 7 | | | | |
| 08-08-00 | 40 | | 21 | 8 | 40 | 16 | | |
| 08-18-00 | 40 | | 35 | 7 | 40 | 8 | | |
| 08-23-00 | | | 35 | 8 | 40 | 8 | | |
| 08-30-00 | | | 35 | 1 | 40 | 9 | | |
| 09-05-00 | 40 | | 35 | 4 | 40 | 7 | | |
| 09-13-00 | | | 35 | 1 | 40 | 8 | | |
| 09-20-00 | | | 35 | | 40 | | | |
| 09-27-00 | | | 35 | | 40 | 9 | | |
| 10-04-00* | | 10 | 35 | | 40 | 18.5 | | |
| 10-11-00 | | | 7 | | 40 | | | Begins at P.O. fulltime to the present |
| 10-18-00 | | | | | 40 | 8 | | |
| 10-25-00 | | | | | 40 | 8 | | |
| 11-01-00 | | | | | 40 | | | |
| 11-08-00 | | | | | 40 | 18.5 | | |
| 11-15-00 | | | | | 40 | 18.5 | | |
| 11-22-00 | | | | | 40 | 11 | | |
| 11-29-00 | | | | | 40 | | | |

| W/E | Gotham | | Humphrey | | Roadway | | P.O. | |
|---|---|---|---|---|---|---|---|---|
| | ST hrs. | OT hrs. | ST hrs. | OT hrs. | ST hrs. | OT hrs. | ST hrs. | OT hrs. |
| 12-06-00 | | | | | 40 | 9 | | |
| 12-13-00 | | | | | 40 | 9 | | |
| 12-20-00 | | | | | 40 | 9 | | |
| 12-27-00 | | | | | 40 | 9 | | |
| YEAR 2001 | | | | | Persico continues Full time at Roadway | | Persico continues full time at JA Jones | |

\* Persico goes on the payroll at the P.O. for JA Jones on this date thru the present

\*\* on 4/7/00 Persico goes on Yonkers payroll for just one week. (Persico was on Yonkers' payroll from 8/99 thru 12/99)



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DRA:BMR
F.#2002R00892
DeRoss Sr PSR Letter1.wpd

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*Mailing Address:* *147 Pierrepont Street*
*Brooklyn, New York 11201*

January 27, 2005

U.S. Probation Officer Jaime L. Turton
U.S. Probation Department
Eastern District of New York
75 Clinton Street, Room 405
Brooklyn, New York 11201-4201

　　　　Re: United States v. John J. DeRoss, et al.
　　　　　　Criminal Docket No. 03-191 (S-4)(SJ)

Dear Mr. Turton:

　　　　We write to address certain factual discrepancies/ issues set forth in the Presentence Report ("PSR") for the defendant John J. DeRoss. Additionally, it is our position that DeRoss's Guideline range should be 46-57 months, not 57-71 months as set forth in the PSR. The 46-57 month range reflects a one-level reduction for global resolution and a Criminal History Category of II, instead of III.

　　　　With respect to page 4, Charles Panarella and Arthur Palmer are pending trial on S-3, not S-6.

　　　　At page 9, in paragraph 14 (as well as page 10, paragraph 19 and page 11, paragraph 22), the PSR notes that false information was submitted to contractors, on behalf of union members, some of whom were members of the Colombo family. It would be more accurate to say members or associates of the Colombo family. We note that the beneficiaries of the no-show job scheme who did not have to share their salary were the members or associates of the Colombo family.

　　　　At page 10, paragraph 17, not only Joseph Coriasco but Thomas McNamara failed to report his share of the no-show job salaries.

　　　　At page 11, paragraph 20, regarding the conspiracy to extort Locals 14 and 15, we note that Persico is not mentioned even though he was charged with this offense.

At page 11, paragraph 22, the PSR should read Local 14 and Local 15, not Local 14 and Local 14.

The Mail Fraud section later in the PSR contains some errors, as follows:

- Before the charts at pages 12, 13 and 15 "...thereafter submitting those stamps detailed as follows" should be changed to "thereafter using the United States mails as follows," as the charts reflect other types of mailings besides stamps.

- After subparagraph 25(a), the subparagraphs are not numbered.

- The top chart at page 13 and the chart at page 15 are different versions of the chart for Racketeering Act 7 from the S-3 indictment. The charts should reflect Persico as a defendant where the mailing was one of his stamp books.

- The bottom chart at page 13, first horizontal column, should include John J. DeRoss as a defendant.

At page 16, paragraph 31, in response to the statement that no Affidavits of Loss have been submitted, it is our understanding that Recine Materials Corp. has submitted an Affidavit of Loss.

In response to the chart at page 17, the total loss suffered by J.A. Jones GMO LLC should be not $298,502.60 but at least $512,535 ($14,868 for Cacace Jr.'s no-show job with Jones and $97,967 for Potenza's no-show job with Jones being directly attributable to DeRoss).

At page 20, paragraph 37, the loss figure is based on salary and benefits obtained from no-show jobs, not just salaries. The loss figure for Cacace Jr. is $158,801, not $101,004 as we mistakenly advised Probation. (It does not affect the loss figure).

Addressing the Offense Level Computation, page 21, paragraph 41, we do not see an _ex_ _post_ facto problem with application of the current edition of the Guidelines and thus a need to use the November 2002 edition.

We agree with Probation that the total offense level is 23 - before the additional global point is awarded. It is our position that the ultimate offense level is 22, which, with

3

Criminal History Category II, yields a Guideline range of 46-57 months.

       As to the Criminal History, it was our understanding that DeRoss falls within Category II instead of Category III given the age of his 1986 conviction. We note, even accounting for the unusually long period of parole from that conviction, the overlap in the range of imprisonment should DeRoss fall within Category III instead of Category II.

       In conclusion, we respectfully submit that DeRoss should be sentenced within the Guideline range of 46 to 57 months.

                                  Very truly yours,

                                  ROSLYNN R. MAUSKOPF
                                  UNITED STATES ATTORNEY

                       By: Bridget M. Rohde/Joey Lipton
                          Assistant United States Attorneys
                          (718) 254-6348/6125

cc: Clerk of the Court (SJ)
    Barry G. Rhodes, Esq.